UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER EDWARD HEYING,<br><br>Defendant. | Criminal No. 14-30 (1) (JRT/SER)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

LeeAnn K. Bell, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE,** 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for plaintiff.

Peter B. Wold and Aaron J. Morrison, **WOLD MORRISON LAW**, 247 Third Avenue South, Minneapolis, MN 55415; Steven T. Grimshaw, **ATTORNEY AT LAW**, 309 Clifton Avenue, Minneapolis, MN  55403, for defendant.

Defendant Alexander Edward Heying was indicted, along with two other defendants,[1] for conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and conspiring to commit money laundering by promotion in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h).  Alexander Heying moves to dismiss the indictment on the grounds that the scheduling of marijuana is over-inclusive, and the federal government's marijuana-related enforcement policies violate the doctrine of equal sovereignty.  He also moves to suppress a number of pieces of evidence in this

---

[1] Co-defendants Peter Gregory Heying and Acacia Lauren Ruiz have since entered guilty pleas.  [Minute Entry, Docket Nos. 160, 161.]  Thus, this Order addresses only the motions submitted by Alexander Heying.

case. On August 15, 2014, United States Magistrate Judge Steven E. Rau issued a Report and Recommendation ("R&R"), recommending that the Court deny the motions to suppress filed by Alexander Heying [Docket No. 131]. On the same day, the Magistrate Judge also issued an R&R recommending that the Court deny his motion to dismiss [Docket No. 133]. This matter is now before the Court on Alexander Heying's objections to those R&Rs. Finding no clear error or manifest injustice in the Magistrate Judge's recommendations, the Court will overrule Alexander Heying's objections and adopt the Reports and Recommendations of the Magistrate Judge.

## BACKGROUND[2]

The United States filed an indictment against Alexander Heying and other defendants on February 3, 2014, charging them with conspiracy to distribute marijuana and conspiracy to commit money laundering by promotion. (Indictment, Feb. 3, 2014, Docket No. 1.) Law enforcement, both before and during its investigation into the alleged conduct, conducted several searches that Alexander Heying now challenges. Law enforcement first conducted a search of an automobile driven by Alexander Heying. (Tr. of Mots. Hr'g ("Tr.") at 12:6-9, 19:3-11, June 20, 2014, Docket No. 93.) Trooper Dean Riedeo, a Nebraska State Patrol sergeant, stopped Alexander Heying's vehicle for speeding on March 23, 2003. (*Id.* at 12:6-13:5.) Upon smelling fresh marijuana in the car, Trooper Riedeo asked Alexander Heying to exit the vehicle and sit in the patrol car

---

[2] The R&Rs [Docket Nos. 131, 133] provide a detailed recitation of the facts relevant to these motions. The Court will recount the facts here only briefly to provide context for the present objections.

while they discussed Alexander Heying's trip.  (*Id.* at 13:17-25, 14:11-15:6.)  Trooper Riedeo observed that Alexander Heying became more nervous as the conversation progressed.  (*Id.* at 14:14-15:1.)  Trooper Riedeo also noticed that there were inconsistencies both within Alexander Heying's own description of his trip and between Alexander Heying's account and the account of his fellow passenger.  (*Id.* at 14:13-21, 16:11-20.)  After a second Trooper arrived at the scene and confirmed that he smelled marijuana in the vehicle (*id.* at 17:8-17, 18:6-9), Trooper Riedeo asked Alexander Heying and his passenger if there was any marijuana in the car (*id.* at 18:20-25).  Alexander Heying admitted that there was.  (*Id.* at 18:23-19:1.)  Trooper Riedeo then announced that he was "going to search the vehicle based on probable cause[] that there was marijuana in the car."  (*Id.* at 19:4-6.)  He proceeded to search the vehicle and found marijuana and cash.  (*Id.* at 19:7-11.)

Law enforcement also executed three search warrants for property owned by Alexander Heying's parents and used by Alexander Heying.  Law enforcement executed the first search warrant on September 15, 2005, at 2660 Stone Arch Road in Woodland,[3] Minnesota.  (Mot. to Suppress Search and Seizure at Stone Arch Road ("Mot. to Suppress re: Stone Arch Road"), May 23, 2014, Docket No. 61; Gov't's Resp. to Defs.' Pretrial Mots. ¶ 12, May 30, 2014, Docket No. 78.)  The property at 2660 Stone Arch Road is owned by Gregory Heying, Alexander Heying's father, but was allegedly used by

---

[3] As the Magistrate Judge notes, this address is variably described in documents submitted to the Court as being either in Woodland or Wayzata.  Because the street address is consistent, the Court will treat all references to 2660 Stone Arch Road as referring to the same property.

Alexander Heying and others as a location to possess and deal controlled substances. (Gov't's Post-Hr'g Summ. of Status of Defs.' Pretrial Mots. ("Gov't's Post-Hr'g Summ."), Ex. 2 (Appl. for Search Warrant and Supporting Aff. ("McGill Aff.")) at 4-5, June 10, 2014, Docket No. 86.)[4] During the search of 2660 Stone Arch Road, the police seized "approx[imately] 79 grams of marijuana, 13 grams of hash, four digital gram scales, packaging materials, two handguns, suspected drug notes, a large black duffel bag with marijuana residue in it and $34,360 [in] US currency." (Gov't's Post-Hr'g Summ., Ex. 3 (Appl. for Search Warrant and Supporting Aff. (Boelter Aff.)) at 2.)

On October 15, 2005, law enforcement executed a second search warrant – this time at 2451 Robinson Creek Road in Ukiah, California, which is a rural property owned by Gregory and Jean Heying, Alexander Heying's parents. (Gov't's Post-Hr'g Summ., Ex. 5 (Appl. for Search Warrant (Landreneaux Aff.)) ¶¶ 19-20.) Based on aerial surveillance, law enforcement believed Alexander Heying was growing marijuana on the property. (*Id.* ¶¶ 22-24.) The search uncovered "22 large marijuana plants the size of [] Christmas trees . . . and a double car garage full of marijuana which was being dr[i]ed." (Gov't's Post-Hr'g Summ., Ex. 4 (Appl. for Search Warrant and Supporting Aff. ("Vinck Aff.")) at 3.)

The third search warrant was executed on October 15, 2012, at 2511 Bantas Point Lane in Minnetonka, Minnesota.[5] (Gov't's Resp. to Defs.' Pretrial Mots. ¶ 10.) 2511

---

[4] All page numbers refer to the CM/ECF pagination unless otherwise noted.

[5] Similar to the property at 2660 Stone Arch Road, the Bantas Point Lane property is variably described in documents submitted to the Court as being located either in Minnetonka or

(Footnote continued on next page.)

Bantas Point Lane is the residence of Gregory and Jean Heying. (Vinck Aff. at 2-3.) Alexander Heying spends ten weeks per year at that address and keeps some of his personal papers there. (Tr. at 126:4-15.) On October 15, 2012, law enforcement officers seized multiple pieces of evidence from 2511 Bantas Point Lane, including a number of bills and records pertaining to Alexander Heying. (Mem. in Supp. of Mots. to Suppress, Ex. AA (Report of Investigation), July 1, 2014, Docket No. 100.)

On June 6, 2014, the Magistrate Judge held an evidentiary hearing. He subsequently issued several R&Rs, two of which address Alexander Heying's motions. (R&R ("R&R re: Mots. to Suppress"), Aug. 15, 2014, Docket No. 131; R&R ("R&R re: Mot. to Dismiss"), Aug. 15, 2014, Docket No. 133.) Alexander Heying timely objected to both R&Rs. (Objections ("Alexander Heying Objections I"), Aug. 26, 2014, Docket No. 135 (objecting to the R&R regarding Alexander Heying's motions to suppress (Docket No. 131)); Objections ("Alexander Heying Objections II"), Aug. 26, 2014, Docket No. 136 (objecting to the R&R regarding Alexander Heying's motion to dismiss the indictment (Docket No. 133)).)

## ANALYSIS

### I.  STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and

---
(Footnote continued.)

Wayzata. Because the street address is consistent, the Court will treat all references to 2511 Bantas Point Lane as referring to the same property.

- 5 -

recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, Civ. No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See, e.g.*, *Martinez v. Astrue*, Civ. No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**II.   ALEXANDER HEYING'S OBJECTIONS**

On May 23, 3014, Alexander Heying filed six motions that are now before the Court. First, Alexander Heying moved to dismiss the indictment against him on the grounds that it violates Article VI and the Fifth and Tenth Amendments to the United States Constitution. (Mot. to Dismiss Indictment, May 23, 2014, Docket No. 56.) Second, he filed a motion to suppress the results of an administrative subpoena (Mot. to Suppress Results of Administrative Subpoena #0497 to United Parcel Service, May 23,

2014, Docket No. 58).[6]  And third, he filed four motions to suppress evidence from law enforcement searches.  (Mot. to Suppress re: Stone Arch Road; Mot. to Suppress Search and Seizure at Bantas Point Lane, May 23, 2014, Docket No. 59; Mot. to Suppress Search and Seizure on March 23, 2003, May 23, 2014, Docket No. 60; Mot. to Suppress Search and Seizure at Robinson Creek Road, Ukiah, May 23, 2014, Docket No. 62.)

The Magistrate Judge recommended that the Court deny all six of Alexander Heying's motions.  (R&R re: Mots. to Suppress; R&R re: Mot. to Dismiss.)  Alexander Heying objected to the recommendations.  The Court finds, however, that Alexander Heying does not identify any specific portions of the Magistrate Judge's Report and Recommendation to which he objects, instead stating he "relies on his previously submitted motions."  (Alexander Heying Objections I at 1; Alexander Heying Objections II at 1.)

"The district court need not conduct de novo review when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations."  *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (alterations and internal quotation marks omitted); *see also Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." (citing *Howard v. Sec'y of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991))).  Because Alexander Heying's objections do

---

[6] Since filing his objections to the Magistrate Judge's R&R, Alexander Heying has withdrawn this motion. (Letter to Judge Tunheim, Oct. 9, 2014, Docket No. 168.)

not specify particular errors in the Magistrate Judge's R&Rs, the Court reviews for clear error the portions of the R&Rs concerning his motions.

### A. Motion to Dismiss the Indictment

First, Alexander Heying seeks to dismiss the indictment on the grounds that it violates Article VI and the Fifth and Tenth Amendments to the United States Constitution. The Magistrate Judge properly declined Alexander Heying's request to apply strict scrutiny to the statutory scheduling provisions. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 259, 264-67 (1977) (explaining that strict scrutiny applies to a facially-neutral law or other official action only if the parties have shown that an "invidious discriminatory purpose was a motivating factor" in enacting the law); *Gallagher v. Magner*, 619 F.3d 823, 833 (8th Cir. 2010) ("[D]iscriminatory impact alone is not determinative outside of rare cases where the pattern of discriminatory effect is . . . so stark and unexplainable on other grounds to justify, on its own, an inference of discriminatory purpose." (citations and internal quotation marks omitted)). While Alexander Heying points to isolated offensive comments about marijuana users by government employees as evidence of discriminatory purpose, the Magistrate Judge correctly determined that those statements cannot form the basis for an invidious intent claim where none of the speakers were members of the decision-making body that enacted the Controlled Substances Act. *See Arlington Heights*, 429 U.S. at 268. Further, the Court is not convinced by Alexander Heying's argument that a fundamental right is implicated by his challenge to the Controlled Substances Act. See *United States v. Fogarty*, 692 F.2d 542, 547-48 (8th Cir. 1982) (finding no fundamental right at stake and

therefore applying rational basis review to a similar claim brought under the Fifth Amendment against the Controlled Substances Act's classification of marijuana as a Schedule I controlled substance).

Under rational basis review, which requires only "a rational relationship to legitimate state interests," *Romer v. Evans*, 517 U.S. 620, 632 (1996), the classification of marijuana is clearly constitutional. Although Alexander Heying argues that the statutory scheme is over-inclusive, Congress has wide latitude to address social problems, and the potential for abuse of marijuana and the risks to public health support "the rationality of the continued Schedule I classification." *Fogarty*, 692 F.2d at 548.

Alexander Heying also challenges the indictment by raising claims of selective prosecution and violation of equal sovereignty. These claims, too, fail. "United States Attorneys retain broad discretion to enforce the Nation's criminal laws," and "[a]s a result, [t]he presumption of regularity supports their prosecutorial decisions." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (alteration in original) (citations and internal quotation marks omitted). "[I]n the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties." *Id.* (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926)). Prosecutorial discretion is limited, of course, by constitutional protections. But to make out a selective prosecution claim, the defendant must prove both discriminatory purpose and discriminatory effect, and the burden of making this showing "falls heavily on the defendant." *United States v. Wilson*, 806 F.2d 171, 176 (8th Cir. 1986); *Armstrong*, 517 U.S. at 465. The record shows that Alexander Heying has failed to make this showing.

The Court also concludes that the Magistrate Judge did not clearly err in recommending that the Court deny Alexander Heying's equal sovereignty challenge. Heying asks the Court to view the Controlled Substances Act as an infringement on equal state sovereignty in light of the United States Supreme Court's decision in *Shelby County v. Holder*. As the Magistrate Judge correctly pointed out, however, the Supreme Court's ruling in *Shelby County* was focused on the "sensitive areas of state and local policymaking," 133 S. Ct. 2612, 2624 (2013), whereas Congress's regulation of drugs through federal criminal laws involves Congress's broad authority to "creat[e] . . . federal crimes. *United States v. Comstock*, 560 U.S. 126, 136-37 (2010) (discussing Congress's broad authority, in furtherance of its enumerated powers, to establish crimes and criminalize certain behavior). Alexander Heying has failed to show, however, why the Court should view federal criminal regulation under the Controlled Substances Act as infringing on local policymaking.

Further, in *Shelby County*, the Supreme Court was deeply troubled by the Voting Rights Act's "disparate treatment of the States" and whether that disparate geographic coverage was justified by the problems the Act was targeting. 133 S. Ct. at 2619, 2622-25, 2627-30. The Controlled Substances Act, on the other hand, applies equally to all states. Alexander Heying provides no evidence of disparate geographic coverage under the Act. Accordingly, the Court will overrule Alexander Heying's objection to this portion of the R&R.

## B. Motions to Suppress Evidence Collected as a Result of Searches and Seizures

Next, Alexander Heying challenges the search of his vehicle and seizure of evidence on March 23, 2003. The Magistrate Judge properly analyzed the motion to suppress under the automobile exception to the warrant requirement. "Police may search a car without a warrant if they have probable cause to believe that the car contains contraband or evidence." *United States v. Payne*, 119 F.3d 637, 642 (8th Cir. 1997) (citing *Chambers v. Maroney*, 339 U.S. 42, 51 (1970)). "Probable cause exists when, under the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Datcu*, 627 F.3d 1074, 1077 (8th Cir. 2010) (citing *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000)). "In determining whether probable cause exists," the Court gives "'due weight' to inferences drawn from the facts and circumstances of each case by local law enforcement officers." *United States v. Mendoza*, 421 F.3d 663, 667 (8th Cir. 2005) (quoting *Payne*, 119 F.3d at 642). In this case, the police officers smelled marijuana and received inconsistent statements from Alexander Heying and his passenger about the purpose of their travels. (Tr. at 13:17-25, 14:13-15:1, 16:11-20, 17:8-17, 18:6-9.) Based on this information, in light of the automobile exception to the warrant requirement, the Court finds no clear error in the Magistrate Judge's conclusion that the officers had probable cause and, as a result, the search and seizure were permissible.

As to Alexander Heying's remaining three motions to suppress, the Court concludes that the Magistrate Judge correctly evaluated the motions as "four corners"

challenges to searches warrants. *See United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005). Heying argues that the searches at Bantas Point Lane, Stone Arch Road, and Robinson Creek Road in Ukiah were all conducted without the requisite probable cause. In order to comply with the Fourth Amendment, a search warrant may issue only upon a finding of probable cause. *See United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007). Probable cause exists when, "in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Solomon*, 432 F.3d at 827 (internal quotation marks omitted); *see also Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth[,] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."). When the issuing magistrate judge "relied solely upon the supporting affidavit to issue the warrant, only that information which is found within the **four corners** of the affidavit may be considered in determining the existence of probable cause." *Solomon*, 432 F.3d at 827 (emphasis added) (internal quotation marks omitted). The probable cause determination of the issuing magistrate judge "should be paid great deference by reviewing courts." *United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007) (internal quotation marks omitted); *United States v. Keele*, 589 F.3d 940, 943 (8th Cir. 2009).

Having reviewed the affidavits provided by Officer John Vinck for the Bantas Point Lane search warrant, Officer Christopher McGill for the Stone Arch Road search warrant, and Officer Chase Landreneaux for the Robinson Creek Road search warrant,

the Court finds that each affidavit contained sufficiently reliable information for the issuing magistrate judge to conclude that there was a "fair probability that . . . evidence of a crime [would] be found" at the specified location. *United States v. Chrobak*, 289 F.3d 1043, 1046 (8th Cir. 2002) (quoting *Gates*, 462 U.S. at 238). As such, the Court concludes that each warrant was adequately supported by probable cause, for the reasons articulated by the Magistrate Judge. Therefore, the Court finds no clear error in the Magistrate Judge's recommendations and will overrule Alexander Heying's objections.

### C.  Conclusion

Upon reviewing the record, the Court finds that there is no clear error or manifest injustice in the Magistrate Judge's very thorough R&Rs addressing Alexander Heying's motions. The Court will therefore overrule the objections and adopt the R&Rs on Alexander Heying's motions to suppress evidence and dismiss the indictment. The Court will deny the motions.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Alexander Heying's objections [Docket Nos. 135, 136] and **ADOPTS** the Reports and Recommendations of the Magistrate Judge [Docket Nos. 131, 133]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss Indictment [Docket No. 56] is **DENIED**.

2. Defendant's Motion to Suppress Search and Seizure at Bantas Point Lane [Docket No. 59] is **DENIED**.

      3.      Defendant's Motion to Suppress Search and Seizure on March 23, 2003 [Docket No. 60] is **DENIED**.

      4.      Defendant's Motion to Suppress Search and Seizure at Stone Arch Road [Docket No. 61] is **DENIED**.

      5.      Defendant's Motion to Suppress Search and Seizure at Robinson Creek Road, Ukiah [Docket No. 62] is **DENIED**.

DATED: October 15, 2014  
at Minneapolis, Minnesota.

                                                    s/ John R. Tunheim  
                                                      JOHN R. TUNHEIM  
                                                  United States District Judge